UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOVANNARA OEM<br><br>Plaintiff,<br><br>v.<br><br>SOKHA MEAS, DUNG NGUYEN, RAVY TORN, SREY PAO MEAS, DAVI NAILS #2547 & #4276, #1 NAIL PLUS, INC., #1 NAILS A INC., RAKSMEY NAILS INC., AND X CORP.,,<br><br>Defendants. | Case No. 24-cv-9553-JGLC |

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

THIS MATTER is before the Court on the Parties' consent to enter a Protective Order to govern and protect the disclosure of Confidential Information in this action, including such materials produced by non-parties, consistent with Rule 26(c) of the Federal Rules of Civil Procedure. The Court hereby enters the following protective order.

**DEFINITIONS**

1.  "Confidential Information" means any Document that a Producing Person considers in good faith to contain confidential business, financial or other information subject to protection under federal or state law, or any other applicable legal standard. Confidential Information covers both any physical document and the information contained therein.

2.  "Disclose" or "Disclosure" means to show, give, produce, make available, paraphrase, summarize, excerpt, or otherwise communicate, in whole or in part, by any means whatsoever.

3. "Defendant(s)" means Sokha Meas, Dung Nguyen, Ravy Torn, Srey Pao Meas, Davi Nails #2547 & #4276, #1 Nail Plus, Inc., #1 Nails A Inc., and Raksmey Nails Inc.

4. "Document" and "Electronically Stored Information (ESI)" are defined to be synonymous in meaning and equal in scope to the usage of the terms in Rule 34(a) of the Federal Rules of Civil Procedure.

5. "Plaintiff" means the Sovannara Oem.

6. "Producing Person" means any person, including any non-party, that produces Confidential Information in this action.

## DESIGNATION OF CONFIDENTIAL INFORMATION

7. A Producing Person may designate all or any part of a Document as "Confidential Information." Such designations constitute a representation to the Court that the Producing Person in good faith believes that the information is reasonably believed not to be already in the public domain, and that the information so designated constitutes Confidential Information as defined above. Such designations may be made with respect to any information, regardless of the manner in which it is disclosed, including, without limitation, responses to document requests, interrogatory answers, responses to requests for admissions, deposition transcripts, deposition exhibits, and any copies, notes, abstracts, or summaries of the foregoing Confidential Information.

8. The Producing Person shall affix the following designation on such Confidential Information: "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." This designation shall appear on each page or other portion of the document that is believed to disclose Confidential Information, with the exception that for spreadsheets produced in native format, the designation need only appear on the tiff placeholder.

9. To the extent that ESI is produced in native format, the Producing Person may designate such Confidential Information as "Confidential" by a cover letter referring generally to such matter and by affixing (where possible) a label on the ESI or its casing indicating such designation.

10. Any and all copies of Confidential Information shall be subject to the terms of this Order. If a duplication process does not initially preserve the confidentiality designations that appear on original documents, all such copies shall be stamped with the same confidentiality designation as the original.

**DISCLOSURE AND USE OF CONFIDENTIAL INFORMATION**

11. Documents or any portion thereof designated as "Confidential Information" may be Disclosed only to:

    (a)    the Court and appropriate court personnel;

    (b)    counsel for Plaintiff and Defendant in this action;

    (c)    legal, paralegal, secretarial or other staff of such counsel who are working on this matter;

    (d)    employees, agents or representatives of Plaintiff or Defendant(s) who are assisting in the prosecution or defense of claims in the action, provided such person(s) first agree in writing to be bound by this Order by signing a Declaration in the form annexed hereto as Exhibit A;

    (e)    litigation support personnel working on this matter, including court reporters, court videographers, persons providing data management and analysis services, and copy vendors;

  (f) consulting or testifying experts retained for assistance in the prosecution or defense of claims in the action, provided such person(s) first agree in writing to be bound by this Order by signing a Declaration in the form annexed hereto as Exhibit A;

  (g) any person who is indicated on the document to be either an author or prior recipient of the Confidential Information;

  (h) any private arbitrator or mediator involved in resolving disputes over claims in the action; and

  (i) any other person authorized to receive such information by prior written consent of the Producing Person or prior order of this Court.

12. Confidential Information produced in this action shall be used solely for the purposes of this litigation and for no other purpose.

13. In no event shall any interviewee, deponent, or witness retain any copy of Confidential Information, except a deponent may retain a copy of his or her deposition transcript if he or she first agrees in writing to be bound by this Order by signing a Declaration in the form annexed hereto as Exhibit A.

14. This Order shall be binding on (a) the parties and their counsel; (b) any other person who receives Confidential Information from a Producing Person or otherwise in connection with this action; and (c) any non-party who is a Producing Person.

15. If Confidential Information must be filed (whether contained in source documents or in portions of a pleading or motion paper), ~~it must be filed in an appendix to the pleading or motion paper that refers to it with an accompanying motion and order to seal in compliance with Rule 26.2 of the Local Rules for the Northern District of Illinois.~~  In filing papers pursuant to this

> Applications to file documents under seal or with redactions will be made in compliance with the Court's Individual Rules.

paragraph, the parties will not seek to file under seal any more of the papers than is reasonably necessary to protect Confidential Information from disclosure. References in pleadings or motion papers filed in the public file must be sufficiently abstract so as not to disclose the Confidential Information.

16. The Producing Person may designate any or all deposition testimony given in the action as "Confidential Information" if such designation is appropriate as provided above. If so requested, the reporter shall separately bind the portion(s) of the transcript containing Confidential Information and any related exhibits, and shall mark each page of such portion(s) and exhibits, as appropriate, as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." Any Document designated as Confidential Information that is introduced as an exhibit in any deposition in the action shall be labeled in a similar fashion, as appropriate.

17. Within thirty (30) days after receiving a deposition transcript, the Producing Person with respect to such deposition may request that all or a portion of the transcript be marked as Confidential Information as described above. Until the expiration of thirty (30) days after the Producing Person receives a deposition transcript, or until receipt of the designation request, the entire deposition transcript will be treated as "Confidential" under this Order. Thereafter, any portion of the transcript not designated as Confidential Information shall not be so treated.

18. Any other media containing portions of a deposition designated "Confidential Information," including, but not limited to, videotapes or computer disks, also shall be clearly labeled by the reporter as such.

19. The failure to designate information in accordance with this Order shall not preclude a Producing Person from later seeking to make such a designation. If a Producing Person discovers that it produced Confidential Information without marking it in accordance with this

Order, the Producing Person may provide written notice to all persons receiving the information that the material should be treated as Confidential Information. Upon receipt of such notice, the receiving person shall treat such information as Confidential Information and upon receipt of properly marked material, shall return or destroy any unmarked copies.

20. The production or disclosure of Confidential Information without being designated as such at the time of the production or disclosure shall not be deemed as a waiver in whole or in part of a party's claim to designate the information Confidential Information, either as to the specific information disclosed or as to any other information relating to or on the same or related subject matter.

## **MISCELLANEOUS**

21. Any Person who has received Confidential Information subject to this Order who receives a request or subpoena for Disclosure of such information shall immediately give written notice to the Producing Person's outside counsel identifying the information sought and providing a copy of the request or subpoena. The person subject to the request or subpoena shall not Disclose the requested material unless: (a) the Producing Person consents in writing; (b) the Producing Person fails to seek relief from the subpoena or request within thirty (30) days of receiving notice; or (c) notwithstanding the Producing Person's request for relief, production or Disclosure is ordered by a court of competent jurisdiction.

22. This Order shall apply to any non-party who provides discovery by deposition, production of documents or otherwise in this action.

23. Within ninety (90) days of the date that the action has been dismissed or final judgment has been rendered in the action, including all appeals, all persons who received Confidential Information governed by this Order, if requested, shall destroy all Confidential

Information and, if requested, shall provide a written certification of such destruction to the Producing Parties, except that outside counsel may retain a copy of any pleading or attorney work product, court order, or deposition, hearing or trial transcript, including any exhibits, that contain Confidential Information, which shall continue to be treated as such in accordance with the terms of this Order.

24. Nothing in this Order shall be construed to require any party to commit any act, including the Disclosure of any information, that would violate any federal, state, or other law.

25. Nothing in this Order shall prohibit any Party from seeking further protection for Confidential Information produced either by stipulation among the Parties or by application to the Court.

26. Nothing in this Order shall restrict the use by a Party of its own Confidential Information.

27. This Order is without prejudice to a Party's right to assert the attorney-client privilege, attorney work-product protection, or any other privilege or objection.

28. Neither this Order nor the Disclosure of Confidential Information shall be deemed a concession or determination of the relevance, materiality, or admissibility of Confidential Information governed by or Disclosed under this Order.

29. This Order shall not prejudice any determination by the Court as to any use of Confidential Information at any hearing or trial.

30. This Order shall survive the termination of the action and shall continue in full force and effect until otherwise ordered by the Court. The Court shall retain jurisdiction to enforce or modify this Order.

31. The parties, counsel and all other persons subject to this Order are advised that any failure to comply with this Order may be considered contempt of court and/or sanctionable conduct.

32. If a Producing Person discloses information that is privileged or otherwise immune from discovery, the Producing Person shall promptly upon discovery of such disclosure advise the receiving party in writing and request that the item or items of information be returned or sequestered, and no person shall assert that such disclosure waived any privilege or immunity. It is further agreed that the receiving party will immediately return or sequester such produced item or items of information and all copies upon receiving a written request for the return or sequestration of such item or items of information. The party having returned or sequestered such produced item or items of information may seek production of any such item or items, including by challenging the privilege or immunity claimed by the disclosing party, but not by asserting a waiver as a result of production ~~(with any filing of such document being made under seal)~~.

Applications to file documents under seal or with redactions will be made in compliance with the Court's Individual Rules.

SO STIPULATED AND AGREED.

| | |
|---|---|
| **WINSTON & STRAWN LLP** | **ROBERT GIUSTI, ESQ. & ASSOCIATES, PLLC** |
| By: s/ *Johanna Rae Hudgens* | By: s/ *Robert Giusti* |
| Johanna Rae Hudgens | Robert Giusti |
| 200 Park Avenue | 42-40 Bell Blvd., Suite 601 |
| New York, NY 10166-4193 | Bayside, New York 11361 |
| (212) 294-2600 | (718) 224-5431 |
| jhudgens@winston.com | Robert@GiustiLaw.com |
| *Counsel for Plaintiff* | *Counsel for Defendants* |

SO ORDERED.

Dated: May 21, 2025
New York, New York

_____
JESSICA G. L. CLARKE
United States District Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SOVANNARA OEM<br><br>Plaintiff,<br><br>v.<br><br>SOKHA MEAS, DUNG NGUYEN, RAVY TORN, SREY PAO MEAS, DAVI NAILS #2547 & #4276, #1 NAIL PLUS, INC., #1 NAILS A INC., RAKSMEY NAILS INC., AND X CORP.,,<br><br>Defendants. | Case No. 24-cv-9553-JGLC |

## **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I hereby acknowledge that I have read the terms and restrictions of the Protective Order entered in the above-captioned civil action. I certify that I understand and agree to the terms and conditions thereof. I further acknowledge and agree that by agreeing to be bound by said Order, I submit myself to the jurisdiction of this Court for the purposes of the enforcement of said Order. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: _____                    _____ [Signature]

                                                                         _____[Printed Name]

                                                                         _____[Place of Employment]